FILED

SEP 19 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | No. **19CR 730** |
| --- | --- | --- |
| v. | ) | |
| RENATO DUARTE (a.k.a. Ren F. Duarte) | ) | Violations: Title 18, United States Code, Section 1347 |

**UNDER SEAL**

**JUDGE ELLIS**

**MAGISTRATE JUDGE VALDEZ**

**COUNTS ONE through SIX**

The SPECIAL MAY 2019 GRAND JURY charges:

1. At times material to this Indictment:

    a. Defendant RENATO DUARTE was a psychologist licensed in the State of Illinois who operated in Chicago, Illinois and neighboring areas within the Northern District of Illinois.

    b. Defendant DUARTE was an enrolled provider with Medicare as a psychologist.

    c. Defendant DUARTE had informal agreements with multiple Chicago-area nursing homes to perform psychological services for patients at the nursing homes.

    d. Defendant DUARTE utilized the services of Billing Company A to submit claims to Medicare.

    **The Medicare Program**

    e. Medicare was a federal health care program that provided benefits to disabled persons or persons who were 65 years of age or older. Medicare

was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services ("HHS"). Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

        f.      Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

        g.      Physicians, clinics, and other health care providers who provided services to Medicare beneficiaries were able to apply to enroll with Medicare and obtain a Medicare provider number. A health care provider who was issued a Medicare provider number was able to file claims with Medicare and receive reimbursement for those services.

        h.      By becoming a participating provider in Medicare, enrolled providers agreed to abide by the policies and procedures, rules, and regulations governing reimbursement. To receive Medicare funds, enrolled providers, together with their authorized agents, employees, and contractors, were required to abide by all the provisions of the Social Security Act, the regulations promulgated under the Act, and applicable policies and procedures, rules, and regulations issued by CMS and its authorized agents and contractors. Health care providers were given and provided with online access to Medicare manuals and service bulletins describing proper billing procedures and billing rules and regulations.

    i. To receive reimbursement for a covered service from Medicare, a provider was required to submit a claim, either electronically or using a form (e.g., a CMS-1500 form or UB-92 form), identifying, among other things, the beneficiary's name, the date of the services, the type of services provided (using a CPT code to describe the service provided), the billed amount of the services provided, and the name and identification number of the physician who provided the services.

    j. Providers could submit claims to Medicare only for services they rendered.

    k. Medicare regulations required health care providers enrolled with Medicare to maintain complete and accurate patient medical records reflecting the medical assessment and diagnoses of their patients, as well as records documenting actual treatment of the patients to whom services were provided and for whom claims for payment were submitted by the physician. Medicare required complete and accurate patient medical records so that Medicare may verify that the services were provided or prescription was dispensed as described on the claim form. These records were required to be sufficient to permit Medicare to review the appropriateness of Medicare payments made to the health care provider.

  2. From in or around July 2016 and continuing through in or around June 2019, in the Northern District of Illinois,

RENATO DUARTE,

defendant herein, knowingly and willfully participated in a scheme to defraud a

health care benefit program namely, Medicare, to obtain by means of materially false and fraudulent pretenses, representations, and promises money owned by and under the custody and control of that health care benefit program in connection with the delivery of and payment for health care benefits, as further described below.

## Purpose of the Scheme

3. It was the purpose of the scheme for defendant DUARTE to unlawfully enrich himself through the submission of false and fraudulent Medicare claims for psychological services that he knew were not actually provided.

## The Scheme

4. It was part of the scheme that defendant DUARTE obtained beneficiary information from nursing home patients that he later used to cause the submission of false and fraudulent claims to Medicare for psychological services that he knew he had not provided.

5. It was further part of the scheme that defendant DUARTE created billing sheets containing the beneficiary names, dates of service, diagnosis codes, and CPT codes—namely, psychotherapy codes 90832, 90834, and 90791—for beneficiaries to whom DUARTE had purportedly provided psychological services in the nursing homes, knowing that he had not provided all of the services identified on the billing sheets, including:

4

      a.    the names and CPT codes for certain patients DUARTE purportedly treated at the nursing homes when, in fact, the patients were hospitalized in different facilities on the dates of services identified in the claims;

      b.    the names and CPT codes for certain patients DUARTE purportedly treated at the nursing homes when, in fact, the patients were deceased on or before the dates of service identified in the claims; and

      c.    the names and CPT codes for certain patients DUARTE purportedly treated at the nursing homes when, in fact, he was traveling outside of the Chicago area on the dates of service identified in the claims.

6.    It was further part of the scheme that defendant DUARTE gave the false billing sheets to Company A, knowing that Company A would use the false billing sheets to submit claims to Medicare on DUARTE's behalf for psychological services that DUARTE knew he had not provided to certain beneficiaries.

7.    It was further part of the scheme that defendant DUARTE concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence, purpose, and acts done in furtherance of the scheme.

### Acts in Execution of the Scheme

8.    On or about the dates set forth as to each count below, in the Northern District of Illinois,

### RENATO DUARTE,

defendant herein, did knowingly and wilfully execute, and attempt to execute, the above described scheme by submitting and causing to be submitted claims to a

5

health care benefit program, namely Medicare, for services that were not actually provided, as follows:

| Count | Medicare Beneficiary Name | CPT Code | Approx. Purported Date of Service | Approx. Claim Submitted Received Date | Approx. Amount Billed to Medicare |
|---|---|---|---|---|---|
| 1 | A.B. | 90832 | January 2, 2017 | January 9, 2017 | $100 |
| 2 | J.B. | 90832 | May 21, 2017 | June 5, 2017 | $100 |
| 3 | G.L. | 90832 | May 21, 2017 | August 7, 2017 | $100 |
| 4 | D.H. | 90832 | May 22, 2017 | June 8, 2017 | $100 |
| 5 | D.M. | 90832 | May 24, 2017 | June 5, 2017 | $100 |
| 6 | K.Y | 90832 | July 4, 2017 | July 10, 2017 | $100 |

All in violatin of Title 18, United States Code, Section 1347.

## FORFEITURE ALLEGATION

The SPECIAL MAY 2019 GRAND JURY further alleges:

1. Upon conviction of a violation of Title 18, United States Code, Section 1347, as alleged in Counts One through Six of this Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

2. If any of the property described above, as a result of any act or omission by defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES DEPARTMENT OF JUSTICE
CRIMINAL DIVISION, FRAUD SECTION
DEPUTY CHIEF

_____
UNITED STATES DEPARTMENT OF JUSTICE
CRIMINAL DIVISION, FRAUD SECTION
CHIEF – HEALTH CARE UNIT